```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DENNIS SUMLIN,

                                                  Plaintiff,

                    -against-

ROSA MEXICANO BRANDS, INC.,

                                                 Defendant.
-----------------------------------------------------------------X

**24-CV-9433 (JHR) (KHP)**

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

**TO:**    THE HONORABLE JENNIFER H. REARDEN, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

       Plaintiff Dennis Sumlin ("Plaintiff") commenced this action against Rosa Mexicano Brands, LLC ("Defendant"), asserting the following claims: (1) violation of the public accessibility requirements of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. (the "ADA"); (2) violation of the public accessibility requirements of Article 15 of the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL"); (3) violation of the public accessibility requirements of Article 4 of the New York State Civil Rights Laws, N.Y. Civ. Rights Law §§ 40 et seq. (the "NYSCRL"); and (4) violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. (the "NYCHRL"). Plaintiff moves for entry of a default judgment, seeking (1) a declaration that, through the operation of its website, Defendant violated the ADA, the NYSHRL, the NYSCRL and the NYCHRL; (2) a preliminary and permanent injunction requiring Defendant to bring the website into compliance with the ADA and its implementing regulations and requiring the website to go offline until it complies; and (3) compensatory damages pursuant to the NYSHRL and the NYCHRL in the amount of $1,500.00. *See* ECF No. 14, at 5-6; ECF No. 22-4. For the reasons

1

discussed below, the Court respectfully recommends that Plaintiff's motion be GRANTED in part and DENIED in part without prejudice, conditioned on timely receipt of the conforming filings described in the Remedies Section of the Discussion.

## BACKGROUND[1]

Plaintiff, a resident of New York County, is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. (Comp., at ¶¶ 2, 15-16) Defendant runs restaurants in New York City. (*Id.*, at ¶ 17) In addition to its restaurants, Defendant owns and operates a website, Rosamexicano.com, that provides information about Defendant's restaurants, their locations and menus. (*Id.*, at ¶ 5); rosamexicano.com. Plaintiff contends that he browsed the website intending to make an online order but was not able to do so because of access barriers on the website. (*Id.*, at ¶ 10) Among other things, Plaintiff alleges that the website does not contain alt-text describing pictures on the website, lacks prompting information and accommodations necessary to allow shoppers to fill-out forms, did not provide a "skip to content" link, did not clearly identify the main section due to improper heading level tags, did not properly announce status of menus (*i.e.*, collapsed or expanded), did not have a text or audio description of video, among other problems. (*Id.*, at ¶¶ 30-34)

Plaintiff contends that on or about November 5, 2024 he made an attempt to visit the restaurant and use its website to order Mexican food to be delivered to him. (*Id.*, at ¶ 36) He contends that he was unable to place an order due to accessibility barriers on the website. (*Id.*) Despite these issues, he alleges that he intends to visit the restaurant to try traditional Mexican

---

[1] The facts are taken from the Complaint (ECF No. 1 ("Comp.")).

2

food and beverages.  (*Id.*)  He also contends he will visit the website again once it is corrected.  (*Id.*, at ¶ 37)

Plaintiff initiated this action on December 11, 2024 and served the complaint on January 16, 2025.  (ECF Nos. 1, 9)  Defendant was served on January 16, 2025, via service upon Nancy Dougherty, Business Document Specialist at the office of the New York Secretary of State.  (ECF No. 22-2)  Defendant never appeared.  Accordingly, Plaintiff sought a certificate of default, which was issued on April 3, 2025.  (ECF No. 20)  This motion followed.  (ECF No. 22)  The motion also was served on Defendant.  (ECF No. 23)  However, to date, Defendant has not appeared or opposed this motion.  Plaintiff's counsel has submitted a declaration stating that the Defendant is not an infant or incompetent.  (ECF No. 19, at ¶ 7)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action.  *Gesualdi v. Reid*, 198 F. Supp. 3d 211, 217 (E.D.N.Y. 2016).  Rule 55 requires the Clerk of the Court, upon notification from the moving party, to note the default of the party failing to defend.  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (citing Fed. R. Civ. P. 55(a)).  Once the Clerk issues a certificate of default, the moving party may apply for entry of default judgment, pursuant to Rule 55(b).  *Id*.

In determining whether to grant a motion for default judgment, courts within this District consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the nondefaulting party would suffer as a result of the denial of the motion for default judgment."  *Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2007

WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court's grant of a default judgment).

On a default judgment motion, the defendant is deemed to have admitted all of the well pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action. *See Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). When determining liability from default, the non-defaulting party is entitled to all reasonable inferences from the evidence offered. *See Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290 (E.D.N.Y. 2015).

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted).

"Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12 Civ. 6620 (DLC), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

## DISCUSSION

**1. Jurisdiction and Venue**

The Court has both subject matter over this case and personal jurisdiction over the Defendants. Federal subject matter jurisdiction exists over Plaintiff's federal ADA claim pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and supplemental jurisdiction may be exercised over related state and municipal claims pursuant to 28 U.S.C. § 1367(a).

Additionally, the Court has personal jurisdiction over the Defendant insofar as it is alleged to be a New York corporation with a principal place of business in New York. (Comp., at ¶¶ 17-18). This makes it "amenable to general personal jurisdiction throughout the state under New York law." *Reilly v. Plot Commerce*, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *3 (S.D.N.Y. Oct. 31, 2016); *see also Magdalena v. Lins*, 999 N.Y.S.2d 44, 45 (1st Dep't 2014).

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), because the Defendant conducts business in this judicial district and under 28 U.S.C. § 1391(b)(2), because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

**2. Factors Weighing in Favor of Granting Plaintiff's Motion for Default Judgment**

Plaintiff has satisfied the two-step procedural requirement of Rule 55 by submitting a request for both entry of default and default judgment following the issuance of the Clerk's certification.

Further, all three of the factors considered in this district weigh in Plaintiff's favor. First, Defendant's failure to make an appearance and respond to either Plaintiff's Complaint or Motion for Default Judgment are indicative of willful conduct. *See Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 164 (S.D.N.Y. 2023) (finding that the defendants' default was willful because they did not appear in the action, respond to the complaint or address the motion for default judgment); *Indymac Bank, F.S.B.*, 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion for default judgment indicate willful conduct). Second, there is no information before the Court regarding any meritorious defenses to Plaintiff's claims because Defendants have failed to make any appearance and therefore have not provided any information to this Court. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, at 31 (E.D.N.Y. 2015) (reasoning that a meritorious defense cannot be established where the defendant has not filed an answer, made an appearance, and responded to the claims in the case). Third, Plaintiff will be prejudiced if denied the ability to seek judgment by default because there are no alternative avenues for legal redress. *See World Gold Tr. Servs., LLC v. GoldCoin Devs. Grp. LP*, No. 20 Civ. 4667 (JGK), 2021 WL 4134681, at *2 (S.D.N.Y. Sept. 10, 2021) (finding that the plaintiff would be prejudiced if denied the ability to seek judgment because plaintiff had no alternative legal redress to obtain damages or injunctive relief); *Fermin*, 93 F. Supp. 3d, at 31 (same).

### 3. Liability Under the ADA

The elements of a claim pursuant to Title III of the ADA are "that (1) [the plaintiff] ... is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Krist v. Kolombos Rest. Inc*., 688 F.3d 89, 94-95 (2d Cir. 2012) (citations and quotation marks omitted).

Plaintiff satisfied the first element by pleading that he is legally blind, which is a disability within the meaning of the ADA.  *See Del-Orden v. Bonobos*, No. 17 Civ. 2744 (PAE), 2017 WL 657902, at *12 (S.D.N.Y. Dec. 20, 2017).  Plaintiff has satisfied the second element – that the website is a place of public accommodation.  Here, the website operates in connection with Defendant's restaurants – brick-and-mortar locations people can go to in person.  The website is used for advertising the restaurants and placing online orders, among other things.  Courts in this Circuit have found this is sufficient to satisfy the second element.[2]  *See e.g., Sumlin v. New York Beer Co. LLC,* No. 24 Civ. 8448 (LJL), 2025 WL 1703067, at *3 (S.D.N.Y. June 18, 2025); *Winegard v. Newsday LLC,* 556 F. Supp. 3d 173, 174 (E.D.N.Y. 2021); *Del-Orden,* 2017 WL 6547902, at *10.  Plaintiff also has satisfied the third element insofar as he pleaded that he was unable to navigate the website and place a food order.  This is sufficient to establish liability. *Panarese v. Sell It Social, LLC*, No. 19 Civ. 3211 (ARR) (VMS), 2020 WL 4506730, *3 (E.D.N.Y. July 2, 2020) (on a motion for an entry of default judgment, finding allegations "that defendant constructed a website that is inaccessible to plaintiffs, knowingly maintains the website in this

---

[2] Though there is a Circuit split on the issue of whether a website constitutes a place of public accommodation when the website does not share a nexus with a brick-and-mortar location, it is commonly held that a website constitutes a place of public accommodation within the meaning of the ADA when it shares a connection with a business's physical location. *See generally Del-Orden*, 2017 WL 6547902.

inaccessible form, and has failed to take adequate actions to correct barriers" sufficient to establish liability pursuant to the ADA) (citations omitted), *report and recommendation adopted*, No. 19 Civ. 3211 (ARR) (RML), 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020).

### 4. Liability Under the NYSHRL and NYCHRL

A New York state disability discrimination claim "is comprised of New York Executive Law §§ 292 et seq.[, or the NYSHRL,] (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq.[, or the NYSCRL,] (which provides for penalties)." *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017) (citations omitted). This "State-law claim is coextensive with [a] ... Title III claim." *Kris v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) (citation omitted); *see Andrews*, 268 F. Supp. 3d at 398 (reasoning that, "[i]n general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA" (citation omitted)). Similarly, a New York City disability discrimination claim is governed by "different standards" than an ADA claim, but "a one-way ratchet exists where the ADA constitutes a floor below which the City's Human Rights Law cannot fall." *See Suris v. Collive Corp.*, No. 20 Civ. 6096 (AMD) (JRC), 2022 WL 542987, at *4 (holding that, because the plaintiff sufficiently pleaded an ADA claim to establish liability on a motion for default judgment, the defendants were "similarly ... liable for violating ... the NYCHRL.") (citation and quotation marks omitted); *see also* N.Y.C. Admin. Code 8-107(4); N.Y.C. Admin. Code 8-107(15).

As such, because Plaintiff sufficiently pleaded the ADA claim, she sufficiently pleaded liability under the NYSHRL and NYSCRL.

8

5. **Remedies**

Plaintiff, through his lawyer, has submitted a proposed default judgment for injunctive and declaratory relief under the ADA and state and municipal law. He also seeks compensatory damages in the amount of $1,500.

Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages." *Krist*, 688 F.3d at 94 (citation omitted). A plaintiff has standing to seek such relief, and is entitled to such relief upon establishing a defendant's liability, "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of N.Y.*, 621 F. App'x 56, 57 (2d Cir. 2015) (citations and quotation marks omitted).

Plaintiff has not himself provided a declaration substantiating the allegations in the complaint or explaining why it is reasonable to infer that discriminatory treatment will continue and that he intends to return. To properly establish the third element, "it is not enough for a plaintiff merely to recite that he intends to return to the challenged premises if they are made accessible. Rather, he must present specific facts that 'plausibly establish that [he] intended to return to the subject location.'" *Volfman v. Miss Du's Tea Shop, Inc.*, No. 24 Civ. 2973 (PAE) (BCM), 2025 WL 1852302, at *5 (S.D.N.Y. Apr. 18, 2025), *report and recommendation adopted*, No. 24 Civ. 2973 (PAE), 2025 WL 1621628 (S.D.N.Y. June 9, 2025) (quoting *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022)). Indeed, the Court does not know where Plaintiff lives in relation to the restaurant, if the restaurant is in Plaintiff's delivery zone, or why this

9

particular Defendant's Mexican restaurant is of interest to Plaintiff. *See Bernstein*, 621 F. App'x, at 59 ("[I]ntent to return is a highly fact-sensitive inquiry that incorporates a range of factors such as the frequency of the plaintiff's past visits and the proximity of the defendant's services, programs, or activities to the plaintiff's home along with any other factors relevant to the calculation including the plaintiff's occupation or demonstrated travel habits.") (internal citations and quotation marks omitted). Further, Plaintiff alleged visiting the website only on one occasion and did not provide any details about which of Defendant's products he was specifically interested in. *See Feliz v. IHealth Labs Inc.,* No. 23 Civ. 354 (JLR), 2024 WL 342701, at *3 (S.D.N.Y. Jan. 20, 2024) (allegations of "still want[ing]" to buy COVID-19 tests and a stated intent to return were insufficient to establish Article III standing as they constituted "boilerplate allegations"); *Velazquez v. Home Controls, Inc.,* No. 22 Civ. 3921 (MKV), 2023 WL 4622597, at *3 (S.D.N.Y. July 19, 2023) (finding conclusory allegations of intent to return, including just two visits to a website to buy a product, were inadequate to establish standing); *cf. Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d at 82-83 (S.D.N.Y. 2022) (intent to return was found where the plaintiff alleged multiple dates on which he accessed website, described with specificity the product plaintiff wanted to buy – defendant's "Natural Roasted Almond Dark Chocolate Mini Bars," explained his weekly habit of consuming that type of product, and defined multiple characteristics of defendant's product that attracted him to defendant's website). Thus, while the complaint establishes liability sufficient for a declaration of liability, the default motion papers do not supply the necessary evidence of standing to support a recommendation for an injunction. *See Kelly Toys Holdings, LLC v. alialialiLL Store,* 606 F.Supp.3d 32, 51-52 (S.D.N.Y. 2022) (finding that where liability may be established, a plaintiff's

10

entitlement to injunctive relief is not automatic and must be established by Plaintiff); *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding a plaintiff must show a "real or immediate threat" of future injury to obtain injunctive relief).

The NYSHRL provides for a "penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved" by a violation. N.Y. Civ Rights L. § 40-d; *see Suris*, 2022 WL 542987, at *6; S*halto v. Bay of Bengal Kabob Corp.*, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867429, at *11 (E.D.N.Y. Feb. 6, 2013) (finding $500 in compensatory damages to be appropriate pursuant to the NYSCRL), *report and recommendation adopted as modified on other grounds*, No. 12 Civ. 920 (KAM) (VMS), 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013). Likewise, under New York City Law, courts have regularly found that compensatory damages in the amount of $1,000.00 are appropriate where a "plaintiff has not identified with any particularity the basis for his alleged damages." *See Suris*, 2022 WL 542987, at *6; *Shalto*, 2013 WL 867429, at *10 (noting that "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.") (citation and quotation marks omitted); *Thompson v. Rising Star Beauty Salon Inc.*, No. 15 Civ. 3716, 2016 WL 9583995, at *3 (E.D.N.Y. Dec. 23, 2016) (finding an award of $1,000 appropriate where plaintiff did not establish any damages other than "embarrassment and discomfort.") Here, while Plaintiff has established liability, he has not submitted any evidence concerning his alleged compensatory damages sufficient for this Court

11

to make a recommendation. By failing to submit additional documentation, Plaintiff has not established his damages with any particularity.[3]

Also, Plaintiff has not provided any information about his attorneys' fees or costs. Accordingly, I respectfully recommend that Plaintiff be denied his request for an injunction, denied an award of compensatory damages, and denied attorneys' fees without prejudice and be afforded the opportunity to submit contemporaneous billing records and additional information necessary for the Court to assess the reasonableness of any requested damages and fees and/or other relief.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion for default be GRANTED as to the request for declaratory relief and a finding of a violation of the ADA, state and local law; and DENIED without prejudice as to all other relief sought.

Dated: December 18, 2025
New York, New York

Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[3] The Court notes that the complaint, without more, cannot provide the basis needed to recommend a compensatory damage award under Rule 55 as "allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais,* 183 F.3d, at 155; *see also Transatlantic Marine*., 109 F.3d, at 111.

**NOTICE**

Plaintiff shall have fourteen days and Defendants shall have seventeen days from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P.72(b)(2).

Plaintiff shall have fourteen days to serve and file any response. Defendants shall have seventeen days to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jennifer H. Rearden at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and served on the other parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Rearden. The failure to file timely objections shall result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).