UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS SUMLIN, *on behalf of himself and all others similarly situated*,<br><br>                            Plaintiff,<br><br>-v.-<br><br>ROSA MEXICANO BRANDS, INC.,<br><br>                            Defendant. | 24 Civ. 9433 (JHR) (KHP)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

On December 11, 2024, Plaintiff brought this action against Defendant Rosa Mexicano Brands, Inc. ("Rosa Mexicano") for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181 *et seq.*, and related state laws. Before the Court is the Report and Recommendation of Magistrate Judge Katharine H. Parker, ECF No. 25, recommending that Plaintiff's motion for a default judgment be granted in part with respect to liability and denied without prejudice with respect to all other relief sought. *Id.* at 12. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Parker's recommendation.

**BACKGROUND**[1]

Plaintiff filed his Complaint on December 11, 2024. ECF No. 1. On January 12, 2025, the case was referred to Judge Parker for general pretrial purposes. ECF No. 7. On January 13, 2025, Judge Parker set an initial case management conference for March 4, 2025. ECF No. 8.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 25.

Defendant was served with process on January 16, 2025.  ECF No. 9.  Its deadline to respond to the Complaint was therefore February 6, 2025.  *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

On February 21, 2025, Plaintiff filed a letter stating that "no counsel has contacted our office on behalf of the defendant, and the time allotted for the defendant to respond has passed." ECF No. 11.  Plaintiff further informed the Court that it was "preparing to move forward with a motion for default judgment." *Id.*  On March 3, 2025, Plaintiff requested that the Court "postpone[] the Initial Conference" given that "defendant ha[d] not made any appearance" and Plaintiff was planning to seek a default judgment.  ECF No. 12.  Judge Parker adjourned the conference and ordered that "[a]ny motion for default judgment [] be filed within 30 days."  ECF No. 13.

On April 3, 2025, Plaintiff obtained a certificate of default.  ECF No. 20.  Plaintiff moved for a default judgment the same day.  ECF Nos. 21, 22.  On June 6, 2025, the Court referred the case to Judge Parker for a report and recommendation on Plaintiff's motion for a default judgment. ECF No. 24.

On December 18, 2025, Judge Parker issued a twelve-page Report and Recommendation recommending that Plaintiff's motion for a default judgment be "GRANTED as to the request for declaratory relief and a finding of a violation of the ADA, state and local law and DENIED without prejudice as to all other relief sought."  ECF No. 25 at 12.  Noting the lack of "any evidence concerning [Plaintiff's] alleged compensatory damages sufficient . . . to make a recommendation," Judge Parker concluded that, "[b]y failing to submit additional documentation, Plaintiff ha[d] not established damages with any particularity."  *Id.* at 11-12.

The Report and Recommendation notified the parties that Plaintiff had "fourteen (14) days . . . to file objections" and that Defendant had "seventeen days from service of th[e] Report and

Recommendation to file written objections." *Id*. at 13. The Report and Recommendation also cautioned that "failure to file timely objections [would] result in a waiver of those objections for purposes of appeal." *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc*., No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections for purposes of appeal," ECF No. 25 at 13, the parties did not file any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of

3

the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).    The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.    The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

For the foregoing reasons, the Court grants Plaintiff's motion "as to the request for declaratory relief and a finding of a violation of the ADA, state and local law" and denies Plaintiff's request "without prejudice as to all other relief sought," ECF No. 25 at 12.    By separate Order, the Court will refer this case to Judge Parker for an inquest into damages.    By **February 26, 2026**, Plaintiff shall serve this Order upon Defendant and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated:  February 23, 2026
       New York, New York

JENNIFER H. REARDEN
United States District Judge

4